**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID PARMETER, et al.,<br><br>   Plaintiffs/Appellants,<br><br> v.<br><br> AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, et al.,<br><br>   Defendants/Appellees. | No. 09-55858<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted June 8, 2010
Pasadena, California

Before: NELSON and GOULD, Circuit Judges, and DOWD, Senior District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable David D. Dowd, Jr., Senior District Judge for the Northern District of Ohio, sitting by designation.

Plaintiffs David Parmeter, Anatoly Rosinsky, and Andrew Shulman appeal the district court's grant of summary judgment in favor of defendant American Federation of Musicians of the United States and Canada ("AFM"), and defendant Professional Musicians Local 47, American Federation of Musicians ("Local 47"), on plaintiffs' complaint alleging breach of contract and breach of the duty of fair representation regarding the collection of work dues from plaintiffs for work performed under promulgated video game and other "non-negotiated" electronic media agreements. For substantially the same reasons stated by the district court, the district court's grant of summary judgment in favor of defendants is AFFIRMED.

A.    Background

The plaintiffs are musicians who are members of defendant Local 47, which is a local affiliate of defendant AFM. As union members, plaintiffs pay work dues based on their earnings as professional musicians. AFM governing documents regulate the payment of work dues, and provide for the collection of work dues based on earnings for musical services rendered pursuant to "AFM-negotiated" agreements. In their complaint, plaintiffs allege that defendants improperly collected work dues for musical services rendered pursuant to agreements that are not "AFM-negotiated" agreements.

B.    Standard of Review

"We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party." *Au-Tomotive Gold Inc. v. Volkswagen of Am., Inc.*, 603 F.3d 1133, 1135 (9th Cir. 2010) (citing *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004)). The district court's decision will be affirmed if the district court applied the correct substantive law and there is no genuine issue of material fact when the evidence is viewed in the light most favorable to the non-moving party. *Black Star Farms LLC v. Oliver*, 600 F.3d 1225, 1229-30 (9th Cir. 2010) (quoting *S.D. Myers, Inc. v. City & County of San Francisco*, 253 F.3d 461, 466 (9th Cir. 2001)).

C.    Discussion

The district court's opinion and order granting summary judgment in favor of defendants reflects a thorough analysis of the law and the facts. After conducting a *de novo* review, this Court concludes that the district court applied the correct substantive law in the Ninth Circuit, which provides that a union's interpretation of its own rules, regulations and governing documents will not be disturbed if that interpretation is not patently unreasonable, and if there is no evidence of bad faith or special circumstances that justifies judicial interference.

3

When challenged by the plaintiffs before this lawsuit was filed regarding the propriety of collecting work dues for musical services performed under promulgated video game and other "non-negotiated" electronic media agreements, the defendants considered plaintiffs' concerns but concluded that the collection of work dues for the agreements at issue was proper pursuant to the relevant parameters established by the AFM regarding work dues. After an extensive review of undisputed material facts, the district court concluded that the AFM's interpretation of its governing documents that regulate work dues was not patently unreasonable and that plaintiffs failed to raise triable issues of fact regarding bad faith or special circumstances. Upon examination of the facts in a light most favorable to the plaintiffs, this Court concludes that there are no genuine issues of material fact in dispute that support a different conclusion.

Accordingly, we affirm the district court's grant of summary judgment in favor of defendants for substantially the same reasons as stated by the district court.

**AFFIRMED.**